UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELLA D. VICK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOUIS DEJOY, *Postmaster General,*<br>*United States Postal Service*,<br><br>　　　　　Defendant. | Civil Action No. 14-cv-2193 (TSC) |

## MEMORANDUM OPINION

Plaintiff Ella Vick's lawsuit against the Postmaster General of the United States Postal Service is scheduled for trial on August 8, 2022. *See* May 16, 2022, Min. Order. The parties agree that Plaintiff is entitled to a jury trial on her claims alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act, and that she is not entitled to a jury trial on her claim alleging age discrimination in violation of the Age Discrimination in Employment Act. *See* ECF No. 48. The parties disagree, however, about whether Plaintiff is entitled to a jury trial on her claim alleging interference and retaliation under the Family and Medical Leave Act ("FMLA"). *See id.*

Plaintiff has filed a motion requesting a jury trial on her FMLA claim, ECF No. 56, Pl. Mot., which Defendant opposes, ECF No. 57. For reasons explained herein, the court will DENY Plaintiff's motion.

### I.　　LEGAL STANDARD

"It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). As a general principle, "the United States, as sovereign, is immune from suit save as it consents to

be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (internal quotation marks and citations omitted). Pursuant to that principle, "if Congress waives the Government's immunity from suit, . . . the plaintiff has a right to a trial by jury only where that right is one of 'the terms of [the Government's] consent to be sued.'" *Id.* (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Just as the Supreme Court has held that a waiver of immunity must be "unequivocally expressed," so too has it held that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Id.* at 160-61 (internal quotation marks and citations omitted). Consequently, a plaintiff is entitled to a jury trial against an agency of the United States only if Congress "clearly and unequivocally" grants such a right by statute. *Id.* at 162.

## II.   ANALYSIS

The court is unaware of any case in this district considering whether Congress "clearly and unequivocally" granted a right to a jury trial on FMLA claims brought against the federal government. Courts outside this district, however, have consistently held that no such right exists. *See, e.g.*, *Davis v. Henderson*, 238 F.3d 420, 2000 WL 1828476, at *2 (6th Cir. 2000) ("Nowhere in the FMLA does Congress unambiguously grant the right to a jury trial against any defendant, let alone an agency of the United States."); *Griego v. Brennan*, Civ. No. 16-947 JCH/LF, 2017 WL 3397373, at *2 (D.N.M. Aug. 8, 2017) ("Congress has not explicitly granted FMLA claimants the right to a jury trial against the government."); *Bonzani v. Shinseki*, 895 F. Supp. 2d 1003, 1011 (E.D. Cal. 2012) ("Because the FMLA does not contain any express provisions granting a right to a jury trial, the government has not consented to a trial by jury in FMLA claims against the government."); *Grandberry v. U.S. Postal Serv.*, No. 2:09-cv-2300,

2009 WL 4254459, at *2 (W.D. Tenn. Nov. 30, 2009) ("Defendants are also correct that a jury trial is unavailable for FMLA claims against the Federal Government."); *Steinhardt v. Potter*, 326 F. Supp. 2d 449 (S.D.N.Y. 2004) (finding "no language in the FMLA or in any judicial precedent that supports a finding of a right to a jury trial in FMLA actions against the government."). This court, reviewing the text of the statute, reaches the same conclusion: the FMLA does not "clearly and unequivocally" grant a right to a jury trial in suits brought against the federal government.

Despite the case law outside this district, as well as the plain language of the FMLA, Plaintiff argues that the court may nonetheless infer a jury trial right from the FMLA's legislative history. Specifically, Plaintiff argues that the FMLA's "structure" and its "link" to the Fair Labor Standards Act reveals Congress's implicit intent to create a right to a jury in the FMLA. Pl. Mot. at 2–4. In support, Plaintiff points to a Sixth Circuit case, *Frizzell v. Southwest Motor Freight*, in which the court inferred that the FMLA's legislative history revealed Congress's implicit intent to create a right to a jury trial in an FMLA suit brought against a private defendant. 154 F.3d 641, 644 (6th Cir. 1998). But that case, involving a private defendant, did not trigger the same questions of sovereign immunity at issue here, where the federal government is the defendant. *See Griego*, 2017 WL 3397373, at *2 (rejecting similar argument); *Steinhardt*, 326 F. Supp. 2d at 452 (same). Indeed, just two years after deciding *Frizzell*, the Sixth Circuit emphasized this distinction when it held that "[r]egardless of whether there is a right to a jury trial under the FMLA against a private defendant," a plaintiff "has no right to a jury trial against the Postal Service" absent a clear and unequivocal grant of such right by statute. *Davis*, 238 F.3d 420, 2000 WL 1828476, at *2 (citing *Lehman*, 453 U.S. at 162). Simply put, "the plaintiff in an action against the United States has a right to trial by jury only

where Congress has affirmatively and unambiguously granted that right by statute." *Lehman*, 453 U.S. at 168. Plaintiff has pointed the court to no authority holding otherwise. Consequently, the court concludes that Plaintiff does not have a right to a jury trial against the government on her FMLA claim. *See id.* at 162.

### III.   CONCLUSION

For reasons explained above, the court will DENY Plaintiff's motion and order that her FMLA claim be heard not by a jury, but by the court.

Date:  June 29, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge